IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

PAUL W. SOMMERS,                        )
                                        )
            Plaintiff,                  )
                                        )
      v.                                ) Civ. No. 08-573-SLR
                                        )
PUBLIC DEFENDER EDMUND M.               )
HILLIS and PUBLIC DEFENDER              )
LAWRENCE SULLIVAN,                      )
                                        )
            Defendants.                 )

**MEMORANDUM ORDER**

At Wilmington this 19th day of November, 2008, having screened the case pursuant

to 28 U.S.C. § 1915 and § 1915A;

IT IS ORDERED that the complaint is dismissed as frivolous and for failure to

state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915 and §

1915A, for the reasons that follow:

1. **Background**.  Plaintiff Paul W. Sommers ("plaintiff"), an inmate at the Howard

R. Young Correctional Institution ("HRYCI), filed this civil rights action pursuant to 42

U.S.C. § 1983.  He appears pro se and has been granted leave to proceed in forma

pauperis.

2. **Standard of Review**. When a litigant proceeds in forma pauperis, 28 U.S.C. §

1915 provides for dismissal under certain circumstances.  When a prisoner seeks

redress from a government defendant in a civil action, 28 U.S.C. § 1915A provides for

screening of the complaint by the court.  Both 28 U.S.C. § 1915(e)(2)(B) and §

1915A(b)(1) provide that the court may dismiss a complaint, at any time, if the action is

frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant immune from such relief.  An action is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

3.  The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B) and § 1915A is identical to the legal standard used when ruling on 12(b)(6) motions.  *Courteau v. United States*, 287 Fed. Appx. 159, 162 (3d Cir. 2008); *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000); *Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999)(applying Fed. R. Civ. P. 12(b)(6) standard to dismissal for failure to state a claim under § 1915(e)(2)(B)).  The court must accept all factual allegations in a complaint as true and take them in the light most favorable to plaintiff. *Erickson v. Pardus*, –U.S.–, 127 S.Ct. 2197, 2200 (2007).  A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 1964 (2007); Fed. R. Civ. P. 8.

4.  A complaint does not need detailed factual allegations, however, "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 1965 (citations omitted).  The "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the allegations in the complaint are true (even if doubtful in fact)." *Id.*  (citations omitted).  Plaintiff is

2

required to make a "showing" rather than a blanket assertion of an entitlement to relief. *Phillips v. County of Allegheny*, 515 F.3d 224, 232 (3d Cir. 2008). "[W]ithout some factual allegation in the complaint, a claimant cannot satisfy the requirement that he or she provide not only 'fair notice,' but also the 'grounds' on which the claim rests." *Id.* (citing *Twombly*, 127 S.Ct. at 1965 n.3). Therefore, "'stating . . . a claim requires a complaint with enough factual matter (taken as true) to suggest' the required element." *Id.* at 235 (quoting *Twombly*, 127 S.Ct. at 1965 n.3). "This 'does not impose a probability requirement at the pleading stage,' but instead 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of' the necessary element." *Id.* at 234. Because plaintiff proceeds pro se, his pleading is liberally construed and his complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, –U.S.–, 127 S.Ct. 2197, 2200 (2007) (citations omitted).

5. **Discussion.** Plaintiff filed this action against Public Defenders Edmund M. Hillis ("Hillis") and Lawrence Sullivan ("Sullivan"). Plaintiff is represented by Hillis in a criminal matter. Plaintiff makes numerous complaints and alleges, generally, that Hillis is not representing him to his fullest professional potential. (D.I. 2, ¶ 18) There are no allegations directed towards Sullivan.

6. **State Actor.** When bringing a § 1983 claim, a plaintiff must allege that some person has deprived him of a federal right, and that the person who caused the deprivation acted under color of state law. *West v. Atkins,* 487 U.S. 42, 48 (1988); *Moore v. Tartler,* 986 F.2d 682, 685 (3d Cir.1993). Public defenders do not act under

3

color of state law when performing a lawyer's traditional functions as counsel to a

defendant in criminal proceedings. *Polk County v. Dodson*, 454 U.S. 312 (1981);

*Harmon v. Delaware Secretary of State*, 154 Fed. Appx. 283, 284-85 (3d Cir. 2005).

Because public defenders are not considered state actors, plaintiff's claim fails under §

1983.

     7. **Conclusion**. Based upon the foregoing analysis, the complaint is dismissed

for failure to state a claim and as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B) and §

1915A(b)(1). Amendment of the complaint would be futile. *See Alston v. Parker*, 363

F.3d 229 (3d Cir. 2004); *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 111 (3d Cir.

2002); *Borelli v. City of Reading*, 532 F.2d 950, 951-52 (3d Cir. 1976).


                            _____
                         UNITED STATES DISTRICT JUDGE